Jason D. Cassady (*pro hac vice*)
jcassady@caldwellcc.com
Hamad M. Hamad (*pro hac vice*)
hhamad@caldwellcc.com
Daniel R. Pearson (*pro hac vice*)
dpearson@caldwellcc.com
Robert Seth Reich, Jr. (*pro hac vice*)
sreich@caldwellcc.com
CALDWELL CASSADY & CURRY
2121 N. Pearl Street, Suite 1200
Dallas, TX  75201
Telephone: (214) 888-4848

John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
HOPKINS & CARLEY
P.O. Box 1469
San Jose, CA  95109-1469
Telephone:    (408) 286-9800

Attorneys for Defendants
IXI MOBILE (R&D) LTD. and IXI IP, LLC

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| APPLE, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>IXI MOBILE (R&D) LTD. and IXI IP, LLC,<br><br>              Defendants. | CASE NO. 4:19-cv-06769-HSG<br>CASE NO. 4:20-cv-04050-HSG<br><br>**DEFENDANTS' RESPONSE TO APPLE AND SAMSUNG'S MOTION TO STAY PENDING REEXAMINATION**<br><br>Case No. 4:19-cv-06773-HSG<br>Case No. 4:20-cv-04047-HSG<br><br>Judge:  Hon. Haywood S. Gilliam, Jr. |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>IXI MOBILE (R&D) LTD. and IXI IP, LLC,<br><br>              Defendants. | |

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION .................................................................................................... 1
II. RELEVANT BACKGROUND ............................................................................... 1
   A. U.S. Patent No. 7,039,033 (the '033 patent) and Related Proceedings ................ 1
   B. U.S. Patent No. 7,295,532 (the '532 patent) and Related Proceedings ................ 2
   C. Consolidation ........................................................................................................ 3
III. ARGUMENT ........................................................................................................... 3
   A. Legal Standard for Assessing Motions to Stay Pending Reexaminations ............. 3
   B. Discovery and Required Disclosures Are Underway, and These Cases Are More Advanced Than the Reexamination Procedures ............................................ 4
   C. A Stay Will Cause Undue Delay and Prejudice IXI While Providing a Tactical Advantage to Apple and Samsung ............................................................. 4
      1. A Stay Pending Reexamination Is Not the Same as a Stay Pending IPR—IXI Will Suffer an Indefinite Stay and More Severe Tactical Disadvantages ................................................................................................... 5
      2. Having Caused Undue Delay and Prejudice, Apple and Samsung Cannot Complain About the Court and Parties Expending Resources ........................................................................................................... 7
   D. A Stay Will Not Simplify Issues for Trial Because There Is No Estoppel from Reexamination, and These Cases Are Likely to Resolve All Issues First ....................................................................................................................... 9
IV. CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Affinity Labs of Texas v. Apple Inc.*,
No. 09-04436 CW, 2010 WL 1753206 (N.D. Cal. Apr. 29, 2010) .................................... 4, 8

*AT&T Intellectual Prop. I v. Tivo, Inc.*,
774 F. Supp. 2d 1049 (N.D. Cal. 2011) ............................................................................. 4, 8

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*,
No. C 06-04206-WHA, 2007 WL 1052883 (N.D. Cal. Apr. 5, 2007) ................................... 3

*Esco Corp. v. Berkeley Forge & Tool, Inc.*,
 No. C 09-1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009) ........................... 3

*Kilopass Tech. Inc. v. Sidense Corp.*,
No. C 10-02066 SI, 2011 WL 13153233 (N.D. Cal. Feb. 8, 2011) ................................ 5, 6, 9

*Pi-Net Int'l, Inc. v. Focus Bus. Bank*,
No. C-12-4958-PSG, 2013 WL 4475940 (N.D. Cal. Aug. 16, 2013) ........................ 5, 7, 8, 10

*Tawnsaura Grp., LLC v. Maximum Human Performance, LLC*,
No. CV1207189SJOAGRX, 2013 WL 12138687 (C.D. Cal. Oct. 3, 2013) ...................... 7, 10

*Technology Licensing Corp. v. Videotek Inc.*,
545 F.3d 1316 (Fed. Cir. 2008) .............................................................................................. 6

*Telemac Corp. v. Teledigital, Inc.*,
450 F.Supp.2d 1107 (N.D. Cal. 2006) ................................................................................... 3

*Thryv, Inc v. Click-To-Call Techs., LP*,
140 S. Ct. 1367 (2020) ........................................................................................................... 1

*TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*,
No. 13-CV-02218-JST, 2013 WL 6021324 (N.D. Cal. Nov. 13, 2013) ............................. 4, 8

*VirnetX Inc., Et Al. v. Apple, Inc.*,
No. 6:12-cv-00855-RWS ........................................................................................................ 6

*Viskase Corp. v. Am. Nat. Can Co.*,
261 F.3d 1316 (Fed. Cir. 2001) .............................................................................................. 3

# TABLE OF AUTHORITIES
## (continued)

**Page**

**Statutes**

35 U.S.C.
   § 103 .................................................................................................................................. 9
   § 316(a)(11) ....................................................................................................................... 6

**Other Authorities**

Patent Local Rules 4-1 and 4-2 ................................................................................................... 4

614\3648195.2                                              - iii -
DEFENDANTS' RESPONSE TO APPLE AND SAMSUNG'S MOTION        CASE NO. 4:19-CV-06769-HSG
TO STAY PENDING REEXAMINATION                                                CASE NO. 4:19-CV-06773-HSG

## I. INTRODUCTION

Once again, Apple Inc. ("Apple") and Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") (collectively "Plaintiffs") are moving to stay ("Motion to Stay") their own cases. Staying the proceedings in this case will result in an indefinite stay, prejudice IXI, reward Apple and Samsung's concerted tactics with an inequitable tactical advantage, and not be likely to simplify issues for trial. Accordingly, IXI respectfully requests that the Court deny Apple and Samsung's Motion to Stay.

## II. RELEVANT BACKGROUND

### A. U.S. Patent No. 7,039,033 (the '033 patent) and Related Proceedings

On February 1, 2018, the Patent Office issued a reexamination certificate with new claims for the '033 patent.

On November 8, 2018, Apple filed six IPR petitions against the '033 patent. The PTAB denied institution on June 3, 2019 because Apple was time-barred from challenging the '033 patent in IPRs. Apple appealed the PTAB's decision on August 5, 2019 to the Federal Circuit, but then withdrew its appeal after the Supreme Court's decision in *Thryv, Inc v. Click-To-Call Techs., LP*, holding a time-bar determination challenge is not appealable because it qualifies as an appeal of the agency's decision. 140 S. Ct. 1367 (2020).

On June 28, 2019, after the PTAB denied Apple's IPR petitions as time-barred, Samsung requested an *ex parte* reexamination of the '033 patent, involving many, if not all, of the same validity grounds offered by Apple in its six denied IPR petitions. *Compare* Exs. A1-6 (highlighted portions) *with* Ex. B (highlighted portions). Notably, this *ex parte* reexamination request included a large number of the same invalidity grounds that Apple and Samsung promulgated in their invalidity contentions for the '033 patent. On September 24, 2019, the Patent Office granted the reexamination request.

On October 18, 2019, Apple and Samsung filed declaratory judgment actions against IXI as to the '033 patent. No. 4:19-cv-06769-HSG, Dkt. 1; No. 4:19-cv-06773-HSG, Dkt. 1. A month passed by without either Apple or Samsung attempting to serve IXI or otherwise prosecute their cases. It was not until November 19, 2019, when IXI itself asked Apple and Samsung

1  whether they intended to serve IXI or request waiver of service, that either began to take steps to
2  advance their cases. On November 25, 2019, Apple requested that IXI waive service. Samsung
3  did not request that IXI waive service until December 23, 2019.

4  Four months after filing their complaints, and about five months after the reexamination
5  was initiated, on February 14, 2020, Apple and Samsung moved to stay their cases (the "Original
6  Motion to Stay").[1] No. 4:19-cv-06769-HSG, Dkt. 59; No. 4:19-cv-06773-HSG, Dkt. 44.  IXI
7  responded on February 25, 2020, opposing the stay as unjustified and prejudicial to IXI.  No.
8  4:19-cv-06769-HSG, Dkt. 63.

9  Ten months after granting the reexamination request, on July 29, 2020, the Patent Office
10 issued its first non-final Office Action.  As a result of the atypically long Office Action, and more
11 significantly, the effect of the unprecedented COVID-19 pandemic (including on IXI's
12 prosecution counsel), IXI requested an extension to respond to this Office Action. In light of the
13 pandemic, the Patent Office gave a two-month extension for the response, which is due
14 November 29, 2020. Ex. C at 6. On October 26, 2020, the Patent Office recently issued an *Ex
15 Parte* Reexamination Interview Summary, acknowledging IXI's position on a number of issues.
16 As one example, the USPTO acknowledged the difference between the "multicasting" asserted to
17 be disclosed by the prior art and "broadcasting" as in claim 88 (an independent claim) of the '532
18 patent.  Ex. D at 2.

19  **B.  U.S. Patent No. 7,295,532 (the '532 patent) and Related Proceedings**

20  On June 17, 2020, the Patent Office issued a reexamination certificate with new claims for
21 the '532 patent.

22  Also, on June 17, 2020, Apple and Samsung filed a second declaratory judgment action
23 against IXI. No. 4:20-cv-04047-HSG, Dkt. 1; No. 4:20-cv-04050-HSG, Dkt. 1.

24  On August 14, 2020, Apple and Samsung filed a request for *ex parte* reexamination of the
25 '532 patent.  *See* Reexamination App. No. 90/014,561. On September 28, 2020, the Patent Office

---

[1] The Original Motion to Stay was filed as an administrative motion.  The present Motion to Stay has been filed as a fully-noticed motion with a hearing at double the amount of pages, merely reiterating what Apple and Samsung argued in the Original Motion to Stay.

1  granted the reexamination request.

2      Four months after filing their complaints, and about a month after the reexamination was
3  initiated, on October 23, 2020, Apple and Samsung moved to stay their cases.  No. 4:19-cv-
4  06769-HSG, Dkt. 93; No. 4:19-cv-06773-HSG, Dkt. 76. They noticed the motion for a hearing on
5  January 28, 2021.

6      **C.    Consolidation**

7      The Court has since consolidated the declaratory judgment actions for scheduling and trial
8  purposes.  *See* No. 4:19-cv-06773-HSG, Dkt. Nos. 66, 67, 75; No. 4:19-cv-06769-HSG, Dkt.
9  Nos. 83, 84, 92. The consolidated schedule accommodated Apple and Samsung's second set of
10  cases by allowing time for disclosures relevant to the '532 patent and then unifying deadlines,
11  starting with the joint claim construction statement and damages contentions.

12  **III.    ARGUMENT**

13      **A.    Legal Standard for Assessing Motions to Stay Pending Reexaminations.**

14      "The court is not required to stay judicial resolution in view of . . . reexaminations."
15  *Viskase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001); *see also Comcast*
16  *Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206-WHA, 2007 WL 1052883, *1
17  (N.D. Cal. Apr. 5, 2007) ("If litigation were stayed every time a claim in suit undergoes
18  reexamination, federal infringement actions would be dogged by fits and starts.  Federal court
19  calendars should not be hijacked in this manner.").   Indeed, "[a] court is under no obligation to
20  delay its own proceedings by yielding to ongoing PTO patent reexaminations, regardless of their
21  relevancy to infringement claims which the court must analyze." *Esco Corp. v. Berkeley Forge &*
22  *Tool, Inc.*, No. C 09-1635 SBA, 2009 WL 3078463, at *2 (N.D. Cal. Sept. 28, 2009); *see also*
23  *Viskase Corp.*, 261 F.3d at 1328. In assessing whether to stay a case pending patent
24  reexamination, courts consider: "(1) whether discovery is complete and whether a trial date has
25  been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3)
26  whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving
27  party." *Telemac Corp. v. Teledigital, Inc.*, 450 F.Supp.2d 1107, 1111 (N.D. Cal. 2006) (citation
28  omitted). The present circumstances do not warrant any stay of the proceedings.

614\3648195.2     - 3 -
DEFENDANTS' RESPONSE TO APPLE AND SAMSUNG'S MOTION     CASE NO. 4:19-CV-06769-HSG
TO STAY PENDING REEXAMINATION     CASE NO. 4:19-CV-06773-HSG

**B. Discovery and Required Disclosures Are Underway, and These Cases Are More Advanced Than the Reexamination Procedures.**

While discovery is not complete and a trial date has not been set, the present cases are progressing with key milestones passed or soon approaching. The Court's order has the Joint Claim Construction Statement deadline on January 22, 2021. *See* No. 4:19-cv-06773-HSG, Dkt. Nos. 66, 67; No. 4:19-cv-06769-HSG, Dkt. Nos. 83, 84. Both sides have exchanged initial disclosures as to both patents. IXI has already served infringement contentions concerning both patents. Apple and Samsung have served invalidity contentions for the '033 patent and will be serving contentions for the '532 patent next week on November 24, 2020. Both sides have already exchanged proposed terms and preliminary constructions and extrinsic evidence for the '033 patent under Patent Local Rules 4-1 and 4-2. For the '532 patent, the parties will exchange proposed terms on December 1, 2020 and preliminary constructions and extrinsic evidence on December 22, 2020. *See id.* Additionally, IXI has served written discovery requests and deposition notices on both Apple and Samsung. Objections to IXI's 30(b)(6) deposition notice are due today (November 16, 2020), and responses to IXI's requests for production and interrogatories are due on December 2, 2020. Damages contentions are due January 12, 2021. *See id.* The Court's order has the *Markman* hearing taking place on about April 2, 2021.

A trial could still be set in late 2021 to resolve the consolidated cases involving both the '033 patent and '532 patent. There is nothing similarly near on the horizon for either reexamination proceeding. A stay not only risks losing the Court's current consolidated schedule, which the Court and parties have expended substantial efforts in coordinating and putting into place, but it does so in favor of an unknown schedule with even less certain of an outcome.

**C. A Stay Will Cause Undue Delay and Prejudice IXI While Providing a Tactical Advantage to Apple and Samsung.**

In assessing whether a stay would prejudice a party, in addition to delay, "courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent." *See AT&T Intellectual Prop. I v. Tivo, Inc.*, 774 F. Supp. 2d 1049, 1054 (N.D. Cal. 2011); *TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*, No. 13-CV-02218-JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013); *see e.g.*, *Affinity Labs of Texas v. Apple*

*Inc.*, No. 09-04436 CW, 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010) (finding undue prejudice where the defendant waited three months after transferring the case to file reexamination request, and then filed the motion to stay another seven weeks after the PTO granted the reexamination request).

Courts in this district have expressed concerns that "staying a case even in its early stages pending reexamination does not necessarily lead to 'the just, speedy, and efficient management of the litigation, but instead has tended to prolong it without achieving sufficient benefits in simplification to justify the delay. This ... stems in part from the unpredictable but often lengthy duration of the stay due to the length of PTO reexamination proceedings ... in contrast to the salutary effect of firm deadlines on efficient case management.'" *See Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2011 WL 13153233, at *3 (N.D. Cal. Feb. 8, 2011) (denying motion to stay pending inter partes reexamination) (internal quotation omitted).

### 1. A Stay Pending Reexamination Is Not the Same as a Stay Pending IPR—IXI Will Suffer an Indefinite Stay and More Severe Tactical Disadvantages.

Apple and Samsung make much of the stay of the prior litigation between the parties. But importantly, that was a stay pending IPR proceedings. *Cf. Pi-Net Int'l, Inc. v. Focus Bus. Bank*, No. C-12-4958-PSG, 2013 WL 4475940, at *1,*5-7 (N.D. Cal. Aug. 16, 2013) (noting that while a pending IPR strongly suggests granting a stay, courts "have been skeptical of delaying a patentee's day in court for what could turn out to be years as the PTO and the appellate courts complete their work"). Indeed, even in the prior litigations, after the IPRs were resolved, and the only remaining proceeding was a reexamination, the Court lifted the stay. *See IXI v. Samsung*, Case No. C-15-3752-HSG and *IXI v. Apple*, C-15-3755-HSG, Feb. 21. 2019 H'rg Tr. at 4 (noting that "enough is enough" and that it was "a textbook example of the failure of good intentions in staying a case pending the resolution of IPR").[2]

Here, the requested stay is even less bounded than the stay from the prior litigations. IPR

---

[2] To be sure, as IXI has previously contended, stays pending IPR proceedings also cause delay and prejudice. However, stays pending reexaminations, as discussed *infra*, are more fraught with these risks.

proceedings have a statutory completion deadline. *See* 35 U.S.C. § 316(a)(11) (noting IPRs must be completed within one year, extensible by no more than six months and only for good cause). Reexamination proceedings, on the other hand, are not similarly constrained. In fact, the Patent Office's historical timing statistics concerning reexaminations identify that the average time in months from the filing of an *ex parte* reexamination request to a certificate issuance is almost 26 months. *See* Ex. E at 2. This is over double the IPR statutory completion deadline of one year, and still about eight months longer than the maximum possible time period an IPR could last with a good cause showing.

Currently, no final office action has been issued in the reexamination of either the '033 patent or the '532 patent. The examiner in the reexamination of the '033 patent issued just the first non-final office action. The response to that is due November 29, 2020.[3]  But "[e]ven though the PTO has issued [a] non-final initial action[], the likelihood of a lengthy reexamination is still high and weighs towards undue prejudice." *See Kilopass Tech.*, 2011 WL 13153233, at *3.[4] The reexamination of the '532 patent does not even have a first non-final office action issued. Simply

---

[3] Apple and Samsung accuse IXI of delay in the reexamination proceeding for requesting an extension to respond to the Office Action. The accusation is improper. First, requests for extension of time to respond to office actions in prosecution are common. Second, and this is very uncommon, the Office Action at issue was over 300 pages long (Ex. F), and IXI reasonably asked for additional time to be able to meaningfully analyze and respond to it. Third, and significantly, IXI requested an extension in part because the unprecedented COVID-19 pandemic and lockdowns has affected Southern California and IXI's prosecution counsel. The Patent Office acknowledged the pandemic in granting the extension. Ex. C at 6.  Litigants throughout the country have needed to work through the pandemic—for example, Apple has asked for accommodations in legal proceedings as a result of the pandemic. *See, e.g. VirnetX Inc., Et Al. v. Apple, Inc.*, No. 6:12-cv-00855-RWS, Dkts. 914 & 934 (granting Apple Inc.'s motion to continue trial date in light of the COVID-19 pandemic). Finally, and most importantly, the two-month extension that IXI was granted pales in comparison to the multi-year stay that Apple and Samsung's motion is requesting. That some unusual circumstances during an unprecedented pandemic made it to where IXI needed a little extra time to respond to an office action does not mean IXI is undeserving of prompt resolution of issues in district court.

[4] "'[T]he PTO almost always grant initial rejections in inter partes reexaminations against all claims[,] ... [so] the Court gets only limited guidance from initial actions as to the ultimate outcome…. [T]he possibility of conflicting results between the Court and the PTO do not compel staying the action" because even if there is a conflict, "the Federal Circuit may affirm the district court's determination on validity.'" *Kilopass Tech.*, 2011 WL 13153233, at *3 (internal citations omitted); *see also Technology Licensing Corp. v. Videotek Inc.*, 545 F.3d 1316, 1330-31 (Fed. Cir. 2008).

put, the reexaminations are in very early stages. This is not a case where a reexamination is almost complete or has already been pending for years and is expected to wrap up swiftly. These reexaminations are likely about one-and-a-half to two years out from resolution based on the Patent Office's statistics. The Court is better-positioned to guide the present litigation to the resolution of the issues on the merits well before the reexamination proceedings would be concluded (let alone conclusion of the appeal of the results of those proceedings).

Moreover, and importantly, the reexamination proceedings do not afford IXI IPR estoppel protection.  Courts have made clear that a "lack of any preclusive effect from the reexamination weighs against a stay." *Tawnsaura Grp., LLC v. Maximum Human Performance, LLC*, No. CV1207189SJOAGRX, 2013 WL 12138687, at *3 (C.D. Cal. Oct. 3, 2013).  "Unlike inter partes reexamination (now replaced by inter partes review), ex parte reexamination does not provide any estoppel effect." *Id.*; *see e.g.*, *Pi-Net Int'l*, 2013 WL 4475940, at *5 (conditioning "a stay on the Plaintiffs agreeing to be bound by an estoppel similar to the provisions of Section 315(e)").  As IXI noted in its response to the Original Motion to Stay, here, there are no IPRs—only a reexamination.  The reexamination's lack of any preclusive effect confers on Apple and Samsung the tactical advantage of having even more bites at the invalidity apple even after reexamination concludes.  This is a clear and severe tactical disadvantage against IXI.

### 2. Having Caused Undue Delay and Prejudice, Apple and Samsung Cannot Complain About the Court and Parties Expending Resources.

Apple and Samsung purport to express concern about the expending of resources. But their delays in seeking reexamination and relief, delays in prosecuting their cases, and staged and overlapping nature of their invalidity challenges undercut this purported concern.

The reexamination request for the '532 patent was filed about two months after the issuance of its reexamination certificate, and the present motion to stay was filed about a month after the reexamination of the '532 patent was initiated. The reexamination request for the '033 patent was filed about seventeen months after the issuance of its reexamination certificate, and the Original Motion to Stay was filed about five months after the reexamination of the '033 patent was initiated. This extensive delay on its own reflects undue prejudice that weights against a stay.

1  *Accord Affinity Labs*, 2010 WL 1753206, at *2 (finding undue prejudice where defendant waited three months after transferring the case to file reexamination request, and then filed the motion to stay another seven weeks after the PTO granted the reexamination request).

In addition to the delay in seeking reexaminations and stays, for over a month after filing their complaints as to the '033 patent, Apple and Samsung made zero effort to serve IXI or otherwise diligently prosecute their own claims. It was not until IXI reached out and inquired about service that Apple and Samsung requested that IXI waive service. These dilatory tactics also weigh against a stay. *See AT&T Intellectual Prop. I*, 774 F. Supp. 2d at 1054; *TPK Touch Sols.*, 2013 WL 6021324, at *4. Additionally, while Samsung's request was filed well over a year after the reexamination certificate issued, it was only a few weeks after the PTAB denied Apple's six IPR petitions as time barred. Apple and Samsung's efforts since IXI filed its response to the Original Motion to Stay have not changed the fact that what happened between the Plaintiffs is clear—Apple and Samsung worked in unison to attack the '033 patent, tactically staging attacks to gain multiple shots at invalidity. *Compare Pi-Net Int'l*, 2013 WL 4475940, at *5 (when analyzing prejudice, considering "the possibility that the filing was merely a tactic by the defendants together with their friend to take multiple bites at the invalidity apple while avoiding the estoppel provisions of 35 U.S.C. § 315(e)"); *see also* No. 4:19-cv-06769-HSG, Dkt. 63 at 4-5. Samsung had full knowledge of the new '033 patent claims issued in the reexamination seventeen months prior to filing its own reexamination request which was based in large part on the same art asserted in Apple's IPR petitions. The only circumstance change was that Apple's IPR petitions were denied. *See* No. 4:19-cv-06769-HSG, Dkt. 63 at 5. This staging of repetitive arguments was designed to provide Apple and Samsung with the tactical advantage of having multiple, serial attacks on IXI's patent.

Furthermore, the overlapping nature of Apple and Samsung's invalidity further cuts against Apple and Samsung's purported concern for efficiency and resources. Instead, it causes undue prejudice by forcing IXI to expend significant resources to defend its patents against the same theories in multiple forums. For example, largely the same invalidity theories against the '033 patent were presented in: (1) Apple's time-barred IPR petitions; (2) Samsung's

reexamination request; and (3) Apple and Samsung's invalidity contentions.[5] *Compare* Exs. A1-6 (IPR Petitions) *with* Ex. B (reexamination request) *and with* Exs. G-H (invalidity contentions).[6] Rather than utilizing alternative pathways to a resolution such that efficiency might be realized, Apple and Samsung are using multiple pathways serially or in conjunction to advance essentially the same invalidity theories. This is not efficient.

### D. A Stay Will Not Simplify Issues for Trial Because There Is No Estoppel from Reexamination, and These Cases Are Likely to Resolve All Issues First.

Apple and Samsung have not established that a stay is will simplify issues for trial. As an initial matter, generally, third-party requested reexaminations are typically unsuccessful at cancelling all petitioned claims. Based on the Patent Office's most recent statistics, for reexaminations initiated by third-party requesters (like Apple and Samsung), certificates where all claims were cancelled represented only 14% of proceedings. *See* Ex. E at 2 (referencing data for year ending in September 2019). Historically, that number is only 10%. *See id*. Here, using the more recent number, the probability that all claims would be cancelled from both patents is about 2% ($.14^2$). *See Kilopass Tech.*, 2011 WL 13153233, at *3 (denying motion to stay and finding that simplification factor weighed against granting stay pending inter partes reexamination in part because only 47% of inter partes reexaminations resulted in cancelling all claims, and across three patents, that probability would be only about 10%).

More particularly with respect to the patents at issue, Apple and Samsung attempt to minimize the differences between the patents' cancelled claims and the new claims that issued in the reexaminations to suggest that the new claims are likely to be entirely cancelled. But in doing so, Apple and Samsung disregard inventive nature and aspects of the new claims "as a whole," which is how the inventiveness of claims should be analyzed. *See* 35 U.S.C. § 103. Also, even Apple and Samsung acknowledge the difference in claim scope required new references to

---

[5] While Apple and Samsung have not yet served their invalidity contentions for the '532 patent, based on how Apple and Samsung presented their invalidity contentions for the '033 patent, the contentions for the '532 patent are expected to feature largely the same references as those in the reexamination request.

[6] The highlights in Exhibits A1-6, B, G-H represent the overlap in invalidity theories between all three documents.

address the new claims. More importantly, the Patent Office has not conclusively determined that all claims will be cancelled. On the contrary, in the reexamination of the '033 patent, the Patent Office recently issued an *Ex Parte* Reexamination Interview Summary and acknowledged support for multiple of IXI's positions concerning the validity of the challenged claims. *See* Ex. D (examiner's summary of interview, identifying and acknowledging several of IXI's reasons for favorable action as to non-final grounds); Ex. I (IXI's summary of interview, identifying several reasons for favorable action over non-final grounds, affecting at least 31 claims, and not even including possibility of favorable action as to remaining claims after additional information and consideration).

Also, as noted above, reexamination proceedings do not have any statutory preclusive effect, which in itself weights against a stay. *See Tawnsaura Grp.*, 2013 WL 12138687, at *3; *Pi-Net Int'l*, 2013 WL 4475940, at *1,*5-7.  Thus, in the event that claims emerge from reexamination in their original form, there is no statutory estoppel to prevent Apple and Samsung from presenting the very same invalidity theories and issues in district court that were raised in the reexaminations. This does not simplify those issues. It just makes IXI have to defend against them multiple times. And this is not just some remote hypothetical. Apple and Samsung have already laid the groundwork for this by having presented in their invalidity contentions as to the '033 patent substantially the same theories as those that were presented in Samsung's reexamination request. *Compare* Ex. B *with* Exs. G-H. Additionally, Apple and Samsung's invalidity assertions involve many of the same overlapping references and theories across claims. *See, e.g.*, Exs. G and H at 2-5 (invalidity contentions asserting same "IPR Art" group of references against over 30 claims, including every independent claim).  This means that even if some subset of claims might be cancelled, it is unlikely that there would be meaningful simplification of issues for trial.

On the other hand, these cases are likely to reach trial on these same validity issues before

the conclusion of both reexaminations and their appeals. And the resolution of those issues offers some finality instead of letting Apple and Samsung raise the same issues repeatedly.

## IV. CONCLUSION

The circumstances involving the '532 patent do not change, and rather only support, the fact that Plaintiffs have undergone every procedural or administrative delay possible to prevent IXI from getting its day in court. The Court should deny Plaintiffs motion to stay because any further delay in litigating the merits will substantially prejudice IXI in favor of a likely lengthy reexamination process when this Court has full authority to resolve the issues before a reexamination certificate is issued. For the aforementioned reasons, IXI respectfully requests this court deny Apple and Samsung's Motion to Stay and allow the case to proceed accordingly.

Dated: November 16, 2020           RESPECTFULLY SUBMITTED,

                                   CALDWELL CASSADY CURRY PC.


                                   By: */s/ Jason D. Cassady*
                                        Jason D. Cassady
                                        Attorneys for Defendants
                                        IXI MOBILE (R&D) LTD. and IXI IP, LLC


Dated: November 16, 2020           HOPKINS & CARLEY
                                   A Law Corporation


                                   By: */s/ John V. Picone III*
                                        John V. Picone III
                                        Attorneys for Defendants
                                        IXI MOBILE (R&D) LTD. and IXI IP, LLC