1  John M. Desmarais (CA SBN 320875)
   Ameet A. Modi (CA SBN 331660)
2  Emily H. Chen (CA SBN 302966)
   DESMARAIS LLP
3  101 California Street, Suite 3070
   San Francisco, CA 94111
4  Tel: (415) 573-1900
   Fax: (415) 573-1901
5  jdesmarais@desmaraisllp.com
   amodi@desmaraisllp.com
6  echen@desmaraisllp.com

7  [Additional Counsel Listed on Signature Page]

8  *Counsel for Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| APPLE INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>IXI MOBILE (R&D) LTD., et al.,<br><br>             Defendants. | Case No. 4:19-cv-06769-HSG<br><br>**ADMINISTRATIVE MOTION FOR RELIEF FROM PROTECTIVE ORDER** |

In accordance with Civil Local Rule 7-11, Apple Inc. submits this motion for an order granting relief from the Protective Order in this litigation. Apple acknowledges that this litigation was recently stayed by the Court's January 26, 2021 Order. *See* Dkt. No. 105. Apple respectfully requests the Court's attention to this motion because it relates to upcoming deadlines in co-pending litigation, *Intel Corp. v. Fortress Investment Group et al.*, 3:19-cv-07651-EMC (N.D. Cal.) ("Antitrust Litigation"). Counsel for Apple in this case contacted counsel for IXI regarding the request that is the subject of this motion prior to the Court's recent stay order. In particular, Apple's counsel contacted IXI's counsel on January 21, 2021 regarding the relief requested herein. Matty Decl. ¶ 1; Ex. 1.[1] The parties' counsel met and conferred on January 26, 2021, prior to the Court's stay order issued later that day, and were unable to reach agreement regarding Apple's request. Matty Decl. ¶ 2. Apple's counsel followed up with IXI's counsel on January 27, January 28, February 1, and February 2, but remained unable to reach agreement regarding Apple's request. *Id.* ¶ 3; Ex. 1.

Apple and Intel Corporation filed suit against various defendants, including IXI IP, LLC, on November 20, 2019 in the Antitrust Litigation. On August 4, 2020, Apple and Intel filed an amended complaint. In their complaint and amended complaint, Apple and Intel are challenging the defendants', including IXI IP, LLC, anticompetitive scheme of acquiring substitute and complementary patents in particular markets relating to electronic devices and components or software therein and processes used to manufacture them, and then using their aggregated portfolio to obtain patent royalties greatly exceeding the value of the alleged inventive contributions of and competitive prices for the patents. Apple and Intel have alleged in the Antitrust Litigation that the U.S. Patent Nos. 7,039,033 (the "'033 patent") and 7,295,532 (the "'532 patent") asserted in this litigation are among those that have been aggregated anticompetitively.

On January 6, 2021, the district court dismissed Apple and Intel's amended complaint and noted that Apple and Intel "could have… asked the courts presiding over [certain underlying]

---

[1] Citations to "Matty Decl." refer to the Declaration of Brian Matty and its exhibits, filed concurrently.

infringement suits [against Apple] for relief from the protective order so that they could make a filing under seal in this case" in order to provide evidence to support these allegations, including about how much one of the defendants "paid to acquire" patents at issue in the markets.  3:19-cv-07651-EMC, ECF No. 230 at 26 n.9.  The district court further noted "shortcomings" it perceived in Apple and Intel's allegations about how the defendants are alleged to have "extracted supracompetitive royalties," including that (1) the amended complaint "provided no information about, *e.g.*, what these companies [which licensed specified patents from defendant Uniloc] paid as part of their settlements with Uniloc," (2) there are no allegations regarding whether the patents identified in the amended complaint "represent the 'crown jewels' of the field or just a small portion of a large field of substitutes," and (3) Apple and Intel "failed to make allegations tying the pricing differential to aggregation of the patents at issue" in the amended complaint.  *Id.* at 23-27.  The district court granted Apple and Intel leave to file a second amended complaint within 30 days, *i.e.*, by February 5, 2021.  The parties in the Antitrust Litigation stipulated to extend that deadline, and Apple and Intel's second amended complaint is due March 8, 2021.

        Apple and Intel intend to overcome these perceived shortcomings in their second amended complaint.  To support the allegations in that complaint, Apple seeks Court authorization under paragraph 14.1 of the protective order in the instant action to file under seal in the Antitrust Litigation (1) information describing the historical prices IXI IP, LLC paid for the '033 and '532 patents, such as the purchase price of any patent portfolio encompassing the '033 and '532 patents and (2) information describing the damages demands and royalty estimates regarding the value or significance of the '033 and '532 patents that IXI IP, LLC has put forth in this litigation.  In particular, Apple requests permission to (1) share on an Outside Counsel Eyes Only basis the following information and related documents with counsel for Apple and Intel in the Antitrust Litigation and (2) for counsel for Apple and Intel in the Antitrust Litigation to file under seal in the Antitrust Litigation portions of the documents and the information contained in them:

- the amount paid to acquire each of the '033 and '532 patents (in connection with the assignment of patents to IXI IP, LLC reflected on the USPTO's public assignment database (*see* Ex. 2));

- the loan amounts granted in return for interests in the '033 and '532 patents (in connection with the security interest to Fortress Credit Co LLC reflected on the USPTO's public assignment database (*see* Ex. 2)); and
- damages demands and royalty estimates (based on damages contentions served on July 30, 2020 and January 13, 2021).

<u>*Apple's Request for Relief from the Protective Order Should Be Granted*</u>

The Ninth Circuit "strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). When evaluating whether to grant relief from a protective order, the court considers "the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). Next, the court considers the reliance interest of the party opposed to the relief; however, where a blanket protective order is at issue, "any legitimate interest … can be accommodated by placing [the collateral litigants] under the same restrictions on use and disclosure contained in the original protective order.'" *Id*. at 1133. Applying this framework, Apple's limited request should be granted.

***First***, the limited information sought is relevant to Apple's allegations that aggregation of patents by IXI IP, LLC and other of the Antitrust Litigation defendants in patent markets has reduced competition and resulted in supracompetitive royalties. In particular, this information is relevant to showing that following IXI IP, LLC's acquisition of the '033 and '532 patents, it has sought supracompetitive royalties, which Apple alleges are a result of the anticompetitive conduct at issue in the Antitrust Litigation. Indeed, the court's order in the Antitrust Litigation makes clear that Apple and Intel should seek leave to include such information in an amended complaint. *See* 3:19-cv-07651-EMC, ECF No. 230 at 26 n.9. Accordingly, disclosure of these documents would be consistent with Ninth Circuit precedent favoring disclosure to meet the needs of parties in pending litigation. *See Beckman*, 966 F.2d at 476; *Foltz*, 331 F.3d at 1131; *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 204-206 (N.D. Cal. 2009) (allowing the plaintiff to use confidential material produced by the defendant to pursue claims against the defendant in state court).

***Second***, IXI IP, LLC's confidentiality interests in the documents will be maintained by

restricting access to outside counsel in the Antitrust Litigation subject to the terms of the Protective Order in this litigation and filing the confidential portions of Apple and Intel's second amended complaint under seal.  Purchase price and settlement amounts are considered trade secret information.  *See, e.g.*, *Electronic Arts, Inc. v. U.S. Dist. Court for the N. Dist. of Cal.*, 298 Fed. App'x 568, 569 (9th Cir. 2008) (pricing terms, royalty rates, guaranteed minimum payment terms of licensing agreement constituted trade secret); *Powertech Tec., Inc., v. Tessera, Inc.*, No. C 11-6121 CW, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (compelling reasons to seal license agreement).  In the Antitrust Litigation, the court has previously granted sealing requests relating to information about Intel's license and/or patent purchase agreements with third parties and information about negotiations between either Intel or Apple and one or more defendants or non-parties contained in the original and amended complaints.  *See, e.g.*, 3:19-cv-07651-EMC, ECF No. 54 at 1; *id.*, ECF No. 193 at 1; *id.*, ECF No. 215 at 1.  That court has also previously sealed information about damages demands that a defendant in the Antitrust Litigation regards as confidential.  *See* 3:19-cv-07651-EMC, ECF No. 193 at 1.  Moreover, the January 6, 2021 ruling in the Antitrust Litigation specifically notes that Apple and Intel could seek relief from the protective order in other litigations "so that they [Apple and Intel] could make a filing under seal in this case," *i.e.*, the Antitrust Litigation.  3:19-cv-07651-EMC, ECF No. 230 at 26 n.9.

       The Court should grant relief from the Protective Order to allow Apple to include (under seal) the information described above in their second amended complaint in the Antitrust Litigation.  Apple respectfully requests that the Court do so by March 1, 2021, in advance of the March 8, 2021 deadline for filing a second amended complaint in the Antitrust Litigation.

DATED: February 2, 2021                    Respectfully submitted,

                                                 */s/ Ameet A. Modi*
John M. Desmarais (CA SBN 320875)
Ameet A. Modi (CA SBN 331660)
Emily H. Chen (CA SBN 302966)
DESMARAIS LLP
101 California Street, Suite 3070
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901
jdesmarais@desmaraisllp.com
amodi@desmaraisllp.com
echen@desmaraisllp.com

Cosmin Maier (admitted *pro hac vice*)
Brian D. Matty (admitted *pro hac vice*)
Francesco D. Silletta (admitted *pro hac vice*)
Joze Welsh (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400
Fax: (212) 351-3401
cmaier@desmaraisllp.com
bmatty@desmaraisllp.com
fsilletta@desmaraisllp.com
jwelsh@desmaraisllp.com

*Counsel for Apple Inc.*

5

Administrative Motion for Relief from Protective Order         Case No. 4:19-cv-06769-HSG

# CERTIFICATE OF SERVICE

On this 2nd day of February 2021, I hereby certify that I caused the foregoing document entitled Administrative Motion for Relief from Protective Order to be filed via the court's CM/ECF system, which shall send notice to the counsel of record for the parties.

DATED: February 2, 2021

                                                     /s/ Ameet A. Modi
                                                   Ameet A. Modi
                                                   *Attorney for Apple Inc.*