Jason D. Cassady (*pro hac vice*)
jcassady@caldwellcc.com
Hamad M. Hamad (*pro hac vice*)
hhamad@caldwellcc.com
Daniel R. Pearson (*pro hac vice*)
dpearson@caldwellcc.com
Robert Seth Reich, Jr. (*pro hac vice*)
sreich@caldwellcc.com
CALDWELL CASSADY & CURRY
2121 N. Pearl Street, Suite 1200
Dallas, TX 75201
Telephone: (214) 888-4848

John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
HOPKINS & CARLEY
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800

Attorneys for Defendants
IXI MOBILE (R&D) LTD. and IXI IP, LLC

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| APPLE, INC., | CASE NO. 4:19-cv-06769-HSG |
| Plaintiff, | |
| v. | **IXI'S OPPOSITION TO ADMINISTRATIVE MOTION FOR RELIEF FROM PROTECTIVE ORDER** |
| IXI MOBILE (R&D) LTD. and IXI IP, LLC, | |
| Defendants. | |

There is no dispute that, under the operative Protective Order in this case, Apple (and IXI) cannot use confidential information from this case in separate litigation. Pursuant to Patent Local Rule 2-2, this District's Interim Model Protective Order (the "Protective Order") controls discovery in this case, and requires that confidential material disclosed in this case may be used "only for prosecuting, defending, or attempting to settle *this* litigation." Protective Order ¶ 7.1 (emphasis added). Moreover, for information designated "Highly Confidential – Attorneys' Eyes Only" in this case, only outside counsel may see it at all absent IXI's permission.[1]

Yet Apple asks to use IXI's confidential information to support twice-dismissed antitrust claims against IXI in another lawsuit—a request that by its very making implies a violation of the Protective Order. The request is both substantively meritless and procedurally improper— especially in this stayed case filed by the DJ plaintiff—and the Court should deny it.

## I.  PRELIMINARY STATEMENT

Over fourteen months ago, Apple and Intel Corp. ("Intel") filed an antitrust action against Fortress Investment Group ("Fortress") and IXI, among other defendants. *Intel Corp. et al. v. Fortress Investment Group, et al.*, Case No. 3:19-cv-07651-EMC, Dkt. 1 (N.D. Cal., Nov. 20, 2019) (herein the "Antitrust Action"). Judge Chen dismissed Apple and Intel's complaint on July 7, 2020 for failure to state a claim. *Id.*, Dkt. 187. Apple and Intel filed an amended complaint on August 4, 2020, but Judge Chen *again* dismissed the amended complaint for failure to state a claim on January 6, 2021, and gave the plaintiffs one month to further amend. *Id.*, Dkt. 230. Yet Apple waited another two weeks—until January 21st—to first contact IXI's counsel in this case requesting permission to disclose IXI's confidential information from this case in the Antitrust Action. Cassady Decl. ¶ 2.

While the parties were conferring about this request, this Court granted Apple's motion to stay this case pending reexamination. Dkt. No. 105. Nevertheless, despite obtaining the stay it had asked for in a case it had filed, Apple persisted in requesting relief from the Protective Order, and

---

[1] The Order provides for disclosure to certain qualified Designated House Counsel, Protective Order ¶ 7.3(b), but only after making a written request pursuant to paragraph 7.4(a)(1). Apple has made no such request in this case.

1  filed this motion. Since then, at least two other courts, including one in this District, have denied

2  similar relief to Intel (Apple's co-plaintiff in the antitrust litigation). Ex. A at 43; Ex. B at 1.

3  **II.      ARGUMENT**

4         **A. Apple's "Administrative" Motion Is Improper.**

As a preliminary matter, Apple's motion is not a "miscellaneous administrative matter[]" not otherwise governed by a . . . Federal or local rule," as required by Local Rule 7-11. Protective orders are governed by Federal Rule of Civil Procedure 26, and thus an administrative motion is "not the appropriate vehicle" to obtain "substantive" relief. *Hess v. Astrazeneca Pharm., L.P.*, No. C 06-0572 PJH, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006). To make matters worse, while Apple sought and received a stay of IXI's claims in this case, Apple now seeks to have its cake and eat it too. It wants IXI's affirmative claims stayed, but wants a self-serving temporary lift of that stay (by way of an improper "administrative" motion) so that it can collaterally attack IXI's claims in a separate proceeding. The Court should reject this gamesmanship and deny this motion on procedural grounds alone.

       **B. Apple Cannot Show Good Cause Exists to Modify the Protective Order.**

Furthermore, even if Apple's motion was proper, the party seeking to modify a Court's protective order bears the burden of demonstrating good cause. *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2011 WL 5193479, at *5 (N.D. Cal. Nov. 1, 2011) (denying motion to modify protective order where though the information sought is relevant, the chance of duplicative discovery is low and the reliance interest of the disclosing party and third party witnesses of the information maintaining its confidentiality is high). "To determine whether a modification of a protective order is warranted, courts consider the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Id.* (internal quotations omitted). Courts must also "weigh the countervailing reliance interest of the

- 2 -

CASE NO. 4:19-CV-06769-HSG

party opposing modification against the policy of avoiding duplicative discovery." *Id.*

       *1. IXI Relied on the Confidentiality Protection of the Protective Order.*

Of paramount concern on these unique facts is IXI's reliance interest (like Apple's) on the prohibition of collateral use of confidential information. The first sentence of the Protective Order states that the parties' confidential discovery will not be "used for any purpose other than prosecuting **this litigation**." Protective Order ¶ 1 (emphasis added); *see also id.* ¶ 7.1. IXI relied on this provision just as Apple relied on it, and Apple would surely vehemently oppose if IXI sought, for example, to use Apple's confidential source code and technical documents produced in this case as a basis for pursuing separate claims for infringement of other patents.[2]

Apple casually dismisses this reliance interest by arguing that "any legitimate interest . . . can be accommodated by placing [the collateral litigants] under the same restrictions on use and disclosure contained in the original protective order." Mot. at 3 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003)). But that is a straw man. The standard blanket protective orders at issue in *Foltz* and similar cases focused on protecting confidential information from disclosure to the general public—protection that could be maintained in the collateral suit by continuing to restrict general disclosure of the information. *See, e.g.*, *Foltz*, 331 F.3d at 1131. *Foltz* did not deal with a provision specifically preventing the parties from using confidential information in other litigation (like the one at issue here), and in this instance, Apple's request would irreparably harm the very interest the protective order was designed to protect. If Apple is allowed to use confidential information from this case in another case, there is no way to "accommodate" a provision that said, "Apple cannot use confidential information from this case in another case." The damage would have already been done, and

---

[2] Indeed, in an unrelated case, Apple in 2017 sent the attached letter to IXI's counsel, seeking to enforce the very type of provision it now seeks to avoid, because Apple (mistakenly) believed that IXI's counsel had used confidential information to prosecute a separate claim. Ex. C.

IXI's reliance interest would be gutted. For this reason alone, the Court should deny the request regardless of the relevance or discoverability of the requested information. *Cf.* Ex. A at 43 (Judge Cousins: "[T]he Court finds that VLSI relied on the protective order and it would be unfair to grant the relief requested by Intel at this time.").

Furthermore, apart from IXI's interest, third-party interests are also at stake. Apple seeks to disclose the basis of IXI's royalty estimates in this case, which involve confidential third-party license agreements. These relevant third parties also relied on this Court's Protective Order in releasing their sensitive, confidential information for use in this case *only*. This additional third-party interest further counsels in favor of denying Apple's motion.

> *2. Apple Is Attempting to Obtain Collaterally Information It Could Not Obtain in the Antitrust Action Due to Its Deficient Complaint.*

But even if IXI's reliance interest was not considered, Apple's own case law acknowledges that a party may not modify a protective order "merely to subvert limitations on discovery in another proceeding." *Foltz*, 331 F.3d at 1132; *see also Del Campo v. Am. Corrective Counseling Servs.*, No. C-01-2115JWPVT, 2007 WL 902568, at *3 (N.D. Cal. Mar. 22, 2007) ("[T]here is no basis to modify the protective order to allow use of documents" in another litigation "because discovery is closed in that case."). Yet Apple is attempting to do just that. The court in the Antitrust Action has ruled that Apple's complaint is deficient, and as a result, Apple is entitled to no discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). Thus, to subvert that prohibition on any discovery, Apple seeks to use information from this case instead. In fact, absent questionable adherence to the Protective Order in this case, it is unclear how Apple was able to make even the conclusory allegations it made in the now-dismissed antitrust complaints, or make the targeted document requests in the instant motion, in the first place. While prohibited by the Protective Order from using in any other litigation the

acquisition and damages documents at issue here, Apple (via separate counsel) was somehow able to make allegations in the Antitrust Action characterizing, for example, IXI's requested royalties as "supracompetitive."[3] Mot. at 3. Apple was also able to identify specific information from this case that would allegedly "support the allegations in that [antitrust] complaint." Mot. at 2. This Court should reject Apple's improper end-run around its failed pleadings.

        3.   *Apple Has Not Shown How the Material It Seeks to Disclose Is Relevant.*

Finally, the requested material is simply irrelevant to the Antitrust Action. *See* Ex. A ("The Court finds that Intel . . . has not shown the relevance of the materials requested for the antitrust case before Judge Chen."). Apple's motion in this matter makes no attempt to explain how the amount Fortress paid for an interest in the '033 and '532 patents, or IXI's damages demand (including the bases for IXI's royalty estimates), are relevant to IXI achieving "supercompetitive royalties" for its patents. Apple alleges that the "aggregation of patents by IXI IP, LLC and other of the Antitrust Litigation defendants in patent markets has reduced competition and ***resulted*** in supracompetitive royalties." Mot. at 3. Yet as Judge Chen noted in his dismissal order, a damages demand that has yet to be adjudicated or paid cannot definitively demonstrate supracompetitive royalties. *Intel*, Case No. 3:19-cv-07651-EMC, Dkt. No. 230 at 25 (noting that what a party "has demanded in litigation—even if extremely high . . . is of limited probative value"). Apple's cursory argument cannot meet its burden to show good cause.

For the aforementioned reasons, the Court should deny Apple's Administrative Motion.

---

[3] Similarly, on December 15, 2020, in a hearing on the motion to dismiss Apple and Intel's antitrust complaint, outside counsel for Apple in the Antitrust Action admitted to relying on Apple's knowledge of acquisition prices and royalty demands as a basis for its antitrust allegations: "For many of the cases that we've described to you where Intel and Apple have been the defendants, we know what the acquisition prices are. We know what the demands are. That's why we can, in good faith, make the allegation that's in Paragraph 248. And it's related as to the other 13 exemplar markets." Ex. D (No. 19-cv-07651 EMC, 12/15/20 Hr'g Tr. at 23). Apple's counsel in that separate case should not have had access to IXI's information without permission from this Court. It certainly should not have been disclosed to Apple itself or its co-plaintiff Intel.

Dated:  February 10, 2021            RESPECTFULLY SUBMITTED,

                                                        CALDWELL CASSADY CURRY PC.


By: */s/ Jason D. Cassady*_____
    Jason D. Cassady
    Attorneys for Defendants
    IXI MOBILE (R&D) LTD. and IXI IP, LLC


Dated:  February 10, 2021            HOPKINS & CARLEY
                                                       A Law Corporation


By: */s/ John V. Picone III*
    John V. Picone III
    Attorneys for Defendants
    IXI MOBILE (R&D) LTD. and IXI IP, LLC