*Exhibit C*

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

| To Call Writer Directly: | (212) 446-4800 | Facsimile: |
|---|---|---|
| (212) 446-4980 | | (212) 446-6460 |
| joseph.loy@kirkland.com | www.kirkland.com | |

March 24, 2017

**By E-mail**

Brad Caldwell
Jason Cassady
Caldwell Cassady Curry
1717 McKinney Ave, Suite 700
Dallas, Texas 75202

> Re:  *VirnetX Inc. et al. v. Apple Inc.*, 10-cv-417, 12-cv-855 (E.D. Tex.)

Dear Brad and Jason:

I write regarding your use of confidential information—whether intentionally or inadvertently—from the above-captioned Texas litigations to bring an unrelated California litigation in violation of our Texas protective order. As you know, pursuant to our Eastern District of Texas Protective Order (Dkt. No. 55), confidential, proprietary, and commercially sensitive information produced in the above-captioned Texas cases "shall be used solely for the [Texas cases] or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation …." (*Id.* at ¶¶ 5(a), 11.)  Moreover, "Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in [the Texas Protective] Order." (*Id.*)  A recent publicly filed complaint on which you appear as counsel in the Northern District of California, *Christina Grace et al. v. Apple Inc.*, demonstrates that there is a strong likelihood that one or more representatives of VirnetX have violated at least these terms of the Protective Order.  (*See* Case No. 5:17-cv-00551, Dkt. No. 1.)

The allegations contained in the putative class action lawsuit are entirely premised on information obtained during discovery in the Texas patent infringement actions, including confidential "internal Apple emails" that are subject to a Court Order sealing those very documents.  (*See, e.g.*, *id.* at ¶¶ 8, 11, 17-16.)  The complaint alleges (falsely) that Apple "intentionally broke" FaceTime for iOS 6 and earlier operating systems, forcing users to install iOS 7, which allowed Apple to reduce relay usage and its attendant high costs.  (*See* Case No. 5:17-cv-00551, Dkt. No. 1 at ¶¶ 1, 11, 17).  Misusing and distorting confidential information produced in the Texas cases, Ms. Grace alleges that losing FaceTime diminished the value of iPhone 4 and 4S devices.  (*See* Case No. 5:17-cv-00551, Dkt. No. 1 at ¶¶ 122, 128).  For the reasons set forth in Apple's Motion to Dismiss, filed March 22, 2017, we believe these claims to

Beijing     Chicago     Hong Kong     Houston     London     Los Angeles     Munich     Palo Alto     San Francisco     Shanghai     Washington, D.C.

# KIRKLAND & ELLIS LLP

Brad Caldwell
Jason Cassady
March 24, 2017
Page 2

be entirely baseless and insufficiently pleaded.  But that does not alleviate the underlying issue of your apparent use of Apple confidential information in violation of the Texas Protective Order.

Accordingly, pursuant to Paragraph 18 of the Protective Order,[1] Apple requests that you promptly respond in writing by Friday, March 31, to the following questions:

1) Identify the exact source (whether public or confidential) of all factual allegations in the Complaint filed in Case No. 5:17-cv-00551 (N.D. Cal.) (San Jose Division), including by production number, transcript page and line number, and/or any other source.

2) Identify all individuals not covered by the Protective Order who received any Protected Material and the specific Protected Material each individual received, including without limitation your co-counsel in the Northern District of California action (whether they have appeared or not) and the named plaintiff, Christina Grace.

3) Describe how you first became aware of the named plaintiff, Christina Grace, and what, if any, information produced in the VirnetX litigation led to her identification.

4) Explain how any individual covered by the Protective Order, including you, your partners and associates, may continue to act as counsel for Christina Grace without using Protected Material, whether inadvertently or otherwise, in the Northern District of California action without continuing to violate the Texas Protective Order.

Should you not intend to respond in full to these requests, please let us know when you are available for a meet and confer no later than March 29, 2017.

Sincerely,

/s/ Joseph A. Loy

---

[1]   Protective Order Section 18(a): "In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure."  (Dkt. No. 55.)